# Supreme Court of Florida

---

No. SC2024-0442

---

## IN RE: AMENDMENTS TO THE FLORIDA RULES FOR COURT-APPOINTED ARBITRATORS.

October 31, 2024

PER CURIAM.

The Supreme Court Committee on Alternative Dispute Resolution Rules and Policy filed a petition to amend Florida Rule for Court-Appointed Arbitrators 11.010 (Qualification).[1] Upon review of two comments received following publication by the Court in the May 1, 2024, edition of *The Florida Bar News*, the Committee revised its proposal and voted 14-0-1 to approve the new proposal and to recommend the amendments to the Court.

The amendments to rule 11.010 are intended to clarify the qualifications for court-appointed arbitrators. We have modified the Committee's revised proposal for further clarification. Specifically,

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

a sole or chief court-appointed arbitrator must be a member in good standing of The Florida Bar for the preceding five years unless the parties agree in writing that the sole or chief court-appointed arbitrator may be an individual who has been for the preceding five years a member in good standing and eligible to practice law in any United States jurisdiction, which includes the District of Columbia and any state, commonwealth, territory, or possession of the United States. In addition, the rule is amended to clarify that a non-licensed individual who is not currently disbarred or suspended from practice in any jurisdiction may serve as a non-chair arbitrator on an arbitration panel with the written agreement of all parties.

Accordingly, we amend the Florida Rules for Court-Appointed Arbitrators as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken through. The amendments to these rules shall become effective immediately.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Supreme Court Committee on Alternative Dispute Resolution Rules and Policy

Hon. Michael S. Orfinger, Chair, Committee on Alternative Dispute Resolution Rules and Policy, DeLand, Florida, and Thomas A. David, Chief, Alternative Dispute Resolution, Office of the State Courts Administrator, Tallahassee, Florida,

 for Petitioner

Christy L. Foley, Chair, Alternative Dispute Resolution Section of The Florida Bar, Sanford, Florida; and Meah Rothman Tell, Tamarac, Florida,

 Responding with comments

# APPENDIX

## RULE 11.010. QUALIFICATION

~~Arbitrators shall be members of The Florida Bar, except where otherwise agreed by the parties.~~ The chief <u>or sole</u> arbitrator ~~shall~~<u>must</u> be, and have been <u>for the preceding five years,</u> a member of The Florida Bar <u>in good standing, unless the parties agree in writing that the chief or sole arbitrator may be an individual who has been for the preceding five years a member in good standing and eligible to practice law in any United States jurisdiction, which includes the District of Columbia and any state, commonwealth, territory, or possession of the United States.</u> ~~for at least five years.~~ <u>An I</u>ndividual~~s~~ who ~~are not members of The Florida Bar may serve as arbitrators only on an arbitration panel and then only upon the written agreement of all parties.~~<u>is not licensed to practice law in any United States jurisdiction and who is not currently disbarred or suspended from practice in any jurisdiction may serve as a non-chair arbitrator on an arbitration panel with the written agreement of all parties.</u>